```
1   M Ray Hartman III, Bar No. 211205
    RHartman@perkinscoie.com
2   Melissa Harly Rose, Bar No. 316412
    MRose@perkinscoie.com
3   PERKINS COIE LLP
    11452 El Camino Real, Ste 300
4   San Diego, California 92130-2080
    Telephone: +1.858.720.5700
5   Facsimile: +1.858.720.5799

6   Attorneys for Defendant
    AMAZON.COM, INC.
7
```

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN TESFA, an individual, | Case No.: **'22CV1302 RSH RBB** |
| Plaintiff, | **DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL** |
| v. | [Removed from the Superior Court of the State of California for the County of San Diego, Case No. 37-2022-00018349-CU-PL-CTL] |
| AMAZON.COM, INC., a corporation, and Does 1 through 10, | |
| Defendants. | |
| | Complaint Filed: May 13, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Amazon.com, Inc. ("Amazon") hereby removes this civil action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

///

///

///

-1-     CASE NO.:
AMAZON'S NOTICE OF REMOVAL

## I.    INTRODUCTION

1. Plaintiff Helan Tesfa ("Plaintiff") alleges that she sustained personal injuries after using a waist trainer. *See* Plaintiff's Complaint ("Compl.") at ¶¶ 9–17.

2. Plaintiff further alleges that the waist trainer was defective in design, defective in manufacturing, and defective because it lacked adequate warnings. *See* Compl., ¶¶ 35–46. Plaintiff alleges causes of action for negligent product liability, strict product liability – design and manufacturing defect, and strict product liability – failure to warn. *See* Compl., ¶¶ 20–34; 35–41; 42–46.

3. Plaintiff filed her Complaint on May 13, 2022, in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00018349-CU-PL-CTL. Plaintiff served Amazon with her Complaint on August 3, 2022. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists

5. The Complaint alleges Plaintiff "[a]t all times relevant…was and is a resident of the County of San Diego, State of California." Compl., ¶ 1. A person's place of residence "is *prima facie* the domicile." *Marroquin v. Wells Fargo, LLC*, No. 11cv163–L (BLM), 2011 WL 476540 at *1 (S.D. Cal. Feb. 3, 2011) (emphasis in original, internal citations and quotations omitted); *see also Fjelstad v. Vitamin Shoppe Ind., LLC*, No. 2:20-CV-07323 ODW (AFMx), 2021 WL 364638 at *2 (C.D. Cal. Feb. 3, 2021), quoting *Lee v. BMW of N.A, LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) ("[A] defendant seeking to remove a case to federal court may rely solely on an allegation of

residence in the complaint because 'a person's residence is prima facie evidence of domicile and citizenship.'") Accordingly, on information and belief, Plaintiff is and was at the time of filing of the Complaint a citizen of California residing in San Diego County.[1]

6. Defendant Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com, Inc. is incorporated under the laws of Delaware and its principal place of business is in Washington. It is therefore a citizen of Delaware and Washington.

7. The defendants identified as Does 1 through 10 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. To the best of Amazon's information and belief, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

8. Because Plaintiff is a citizen of California and Amazon is a citizen of Delaware and Washington, complete diversity of citizenship exists, and removal is proper.

**B.   The Amount in Controversy Exceeds $75,000**

9. Plaintiff does not assert a specific value for her claims on the face of the Complaint. The Court should conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

10. The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not assert a specific value in a complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377

---

[1] A party may allege citizenship for diversity jurisdiction on information and belief if that information is not reasonably ascertainable by the party. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

(9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework). To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. 2012).

11. Here, Plaintiff filed an unlimited civil case seeking relief for personal injuries under four theories of liability, including negligent product liability and strict product liability for manufacturing defect, design defect, and failure to warn. *See generally* Compl. Plaintiff alleges that she suffered injuries and damages after wearing a waist trainer that caused a burning sensation and rash on her waist. Compl., ¶¶ 16–17. She contends that she sustained "permanent scarring and discoloration on her abdomen" and that she "continues to suffer from emotional trauma that has persisted since the incident." Compl., ¶¶ 17–18. Plaintiff further alleges that she "suffered severe shock and injuries to her person." Compl., ¶ 30.

12. Plaintiff contends that, as a result of her injuries, she "was compelled to and did incur expenses for medical care, and other incidental expenses and will have to incur additional like expenses in the future," and that she "was disabled and may be disabled in the future and thereby be prevented from attending to the duties of [her] usual occupations." Compl., ¶¶ 32–33.

13. Plaintiff seeks general and special damages, as well as damages for loss of earnings, medical expenses, incidental expenses, interest, and costs of suit. Compl., p. 9, Damages.

///
///

14. Given the number of liability theories pursued, the severity of the alleged injury, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000, and therefore meets the amount in controversy requirement. Thus, Amazon has satisfied its burden to establish that the amount in controversy exceeds $75,000.

15. The factual allegations made in this pleading will be supported by affidavit or other evidence should the Court so request. *Singer*, 116 F.3d at 377.

16. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff is entitled to any damages.

### III.   CONSENT

17. Amazon is the only defendant named in Plaintiff's Complaint. *See generally* Compl. To the best of Amazon's knowledge, Plaintiff has not joined or served any other defendant as of the date of this filing. Thus, no other entity need consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) (Requiring that only defendants who have been "properly joined and served" consent to removal.)

### IV.   THIS FILING IS TIMELY

18. Amazon was formally served on August 3, 2022 and is provided 30 days in which to remove Plaintiff's Complaint to federal court. *See* 28 U.S.C. § 1446(b). Amazon filed this Notice of Removal within the 30-day window. Removal of this action is therefore timely. *See* 28 U.S.C. § 1446(b).

### V.   VENUE OF REMOVED ACTION

19. The Southern District of California is the United States district court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

### VI.   NOTICE TO THE STATE COURT

20. A copy of this Notice of Removal is being served on all served parties and filed with the Superior Court of the State of California, County of San Diego, where this case was originally filed.

## VII.   PLEADINGS IN THE STATE COURT ACTION

21.   All process, pleadings, and orders served upon Amazon in this action are attached as **Exhibit A**.  A true and correct copy of the San Diego Superior Court docket for this action is attached as **Exhibit B.**

## VIII.   NON-WAIVER OF DEFENSES

22.   Amazon expressly reserves all of it defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

23.   Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, defendant Amazon.com, Inc. hereby removes the above-entitled case to the United States District Court for the Southern District of California and seeks resolution by this Court of all issues raised herein.

DATED:  September 1, 2022         **PERKINS COIE LLP**

By: */s/ Melissa Harly Rose*
M Ray Hartman III, Bar No. 211205
RHartman@perkinscoie.com
Melissa Harly Rose, Bar No. 316412
MRose@perkinscoie.com

Attorneys for Defendant
AMAZON.COM, INC.