# EXHIBIT A



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 25323593**
**Date Processed: 08/03/2022**

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Maria Catana<br>Luana Kooker<br>Karen Curtis<br>Lynn Foley-Jefferson<br>Vivian Ching<br>Kimberly Thomas<br>Lizette Fernandez<br>Theresa Nixon<br>Stephanie Habben<br>Lacy O'Block<br>Arianna Smogard<br>Sara Rawson<br>Rochelle Lewis |
| **Entity:** | Amazon.com, Inc.<br>Entity ID Number  1662773 |
| **Entity Served:** | Amazon.com, Inc. |
| **Title of Action:** | Helen Tesfa vs. Amazon.Com, Inc. |
| **Matter Name/ID:** | Helen Tesfa vs. Amazon.Com, Inc. (12645545) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2022-00018349-CU-PL-CTL |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 08/03/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hayes Law, APC<br>858-737-3311 |
| **Client Requested Information:** | Amazon Case Type: Product Liability |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., A CORPORATION; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HELEN TESFA, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/12/2022 at 03:55:00 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California
County of San Diego, Central Division
330 West Broadway, San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso):*
37-2022-00018349-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jillian F. Hayes, 4231 Balboa Ave. #1380, San Diego, CA 92117; (858) 737-3311

**DATE:** 07/27/2022
*(Fecha)*

Clerk, by *T. Crandall*
*(Secretario)*

Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com, Inc., a Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jillian F. Hayes, SBN 297536
Jillian@HayesLawSD.com
HAYES LAW, APC
4231 Balboa Avenue, #1380
San Diego, CA 92117
Telephone: (858) 737-3311
Facsimile: (858) 221-4064

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/13/2022 at 10:29:10 AM
Clerk of the Superior Court
By Vanessa Sezenol, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| HELEN TESFA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a corporation, and Does 1 through 10,<br><br>Defendants. | CASE NO.: 37-2022-00018349-CU-PL-CTL<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiff Helen Tesfa, for causes of action against the Defendants, complains and alleges as follows:

## INTRODUCTION

Loyal Amazon.com, Inc. member, Plaintiff Helen Tesfa purchased the YIANNA Womens Waist Trainer from Amazon.com, Inc. that proved to be defective when after the first use it damaged and severely irritated her skin leaving her with unsightly discoloration and scarring around her stomach. A product advertised to assist with her health and beauty regimen did the exact opposite and traumatized her in the process. Amazon knows products like this pose risks but took no action to inspect the product nor remedy the issue. Instead, they turned a blind eye and continued to profit off yet

another faulty and defective product.

California strict products liability law aims to protect consumers from harm by holding companies accountable when they push dangerous products into the stream of commerce for profit. In that spirit, California courts now hold online retailers such as Defendant Amazon.com, Inc. ("Amazon") liable for harmful products sold through their website. See *Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431, 438 ("Whatever term we use to describe Amazon's role, be it 'retailer,' 'distributor,' or merely 'facilitator,' it was pivotal in bringing the product here to the consumer.")

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant, Plaintiff Helen Tesfa was and is a resident of the County of San Diego, State of California.

2. At all times relevant, Defendant Amazon.com, Inc. ("Amazon") was a Delaware corporation with its principal place of business in Seattle, Washington, and was a business entity doing business in the State of California, County of San Diego.

3. At all times relevant, Defendant Amazon.com, LLC, a corporation was and is a business entity doing business in the State of California.

4. Defendant Amazon.Com, LLC, was and is a corporation authorized to do, and doing business in, the City of San Diego, County of San Diego, State of California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE is responsible in some manner for the events herein referred to and caused injuries and damages as alleged.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee of the remaining Defendants, and at all times herein mentioned, each was acting with the time, place and scope of said agency and employment.

Page 2

PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL
INJURIES AND DEMAND FOR JURY TRIAL

7. At all times herein mentioned Defendants were acting as the ostensible agents of each and every other Defendant and were doing so at the behest of and with the approval of said Defendants. At all times herein relevant, Plaintiff reasonably and without negligence relied on the representations made by all Defendants about the agency and employment of the remaining Defendants to Plaintiff's detriment.

8. As used throughout, "Product" or "Products" shall refer to the YIANNA Womens Waist Trainer purchased by Plaintiff Helen Tesfa from Defendant's Amazon's online marketplace on May 21, 2020.

## FACTUAL BACKGROUND

9. On May 21, 2020, Plaintiff Helen Tesfa purchased the Yianna Womens Waist Trainer from the Defendant after seeing thousands of positive reviews and the Product being advertised as one of the top products in Women's Shapewear on Amazon.com.

YIANNA Waist Trainer for Women Tummy Control Underbust 25 Steel Boned... › Customer reviews

**Customer reviews**
4.1 out of 5
56,479 global ratings

YIANNA Waist Trainer for Wome...
by YIANNA
Color: Black 25 Steel Bones   Size: X-Large   Change

| | |
|---|---|
| 5 star | 63% |
| 4 star | 13% |
| 3 star | 9% |
| 2 star | 5% |
| 1 star | 10% |

Write a review

How are ratings calculated?

10. Plaintiff Helen Tesfa placed the product in her Amazon shopping cart and proceeded to Amazon's check out page. She paid Amazon for the purchase, received a confirmation email from Amazon for the purchase, and received the product directly to her home from Amazon on May 29, 2020.

11. Plaintiff Helen Tesfa did not have any contact with YIANNA at any time during the transaction.

Page 3
PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL
INJURIES AND DEMAND FOR JURY TRIAL

12. In all respects, Amazon was in the chain of distribution, was pivotal to the sale of the product, and was an integral part of the overall producing and manufacturing enterprise that supplied the product for use by consumers.

13. On May 29, 2020, the product arrived at Plaintiff Helen Tesfa's house in an Amazon package. The packaging for the Product had "High Quality" clearly advertised on the front.

14. The only warning for the Product was camouflaged on the back which read "Warning: Part of the product is made of latex rubber, which may cause allergic reactions. If you are allergic to latex or if you are not sure about this, please consult to your doctor for instructions before usage." Plaintiff has used various latex products in the past and has never had an allergic reaction to latex rubber.

15. Ms. Tesfa removed the Product from the packaging and put the Product on her waist as she went about her daily activities.

16. After approximately four hours of wear, Ms. Tesfa removed the Product from her waist and noticed an angry red itchy rash outlining the shape of the trainer around her waist.

17. Over the next few days, the rash around her entire waist grew and the itchy, burning sensation intensified to the point she had to seek medical attention. She was only able to wear loose clothing that did not touch her stomach.



Page 4

PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL
INJURIES AND DEMAND FOR JURY TRIAL

18. More than a year and a half after this incident, Plaintiff Helen Tesfa is still left with permanent scarring and discoloration on her abdomen.

19. Plaintiff Helen Tesfa continues to suffer from emotional trauma that has persisted since the incident.

## FIRST CAUSE OF ACTION
### (Negligent Product Liability)

20. Plaintiff incorporates each and every allegation above as though fully set forth herein.

21. Defendants Amazon was engaged in inspecting, vending, distributing, advertising, selling, or recommending for use to the general public, the Product.

22. Defendants owed a duty of care to actual and potential customers and consumers with respect to the Product. This duty includes but is not limited to: designing, manufacturing, distributing, selling, facilitating the sale of, and providing the Product in a fashion that was safe to consumers; packaging the Product safely so as to reasonably minimize the potential for injury; labeling the Product so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

23. Defendants knew or should have known that if the Product was not properly and safely manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, and labeled prior to sale or distribution to consumers, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury or death.

24. Defendants negligently and carelessly maintained, inspected, delivered, designed, molded, labeled, warned, tested, and sold the Product so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended.

25. The condition of the Product was known to Defendants or should have been discovered by them through the exercise of ordinary care and reasonable diligence but was not disclosed or made known to purchasers or users of the Product, including the Plaintiffs.

26. At all times herein mentioned, purchasers or users of the Product had no knowledge of the defective condition of the Product or of any danger in the use of the Product.

27. In doing the acts alleged in this complaint, Defendants violated statutes, rules, standards, regulations, or guidelines applicable to their conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Product and similar items.

28. The injuries and damages to Plaintiff Helen Tesfa described more fully above were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendants.

29. The statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff Helen Tesfa is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

30. As a direct and legal result of the negligence and carelessness of the Defendants, Plaintiff Helen Tesfa suffered severe shock and injuries to her person. Plaintiff Helen Tesfa was injured in her health, strength, and activity, all to her general damage in a sum which will be shown according to proof.

31. As a direct and legal result of the negligence and carelessness of the Defendants, Plaintiff Helen Tesfa has suffered difficulties sleeping and has fears and worries relating to her scarring.

32. As a further direct and legal result of the negligence and carelessness of the Defendants, Plaintiff Helen Tesfa was compelled to and did incur expenses for medical care, and other incidental expenses and will have to incur additional like

expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks for leave of court either to amend this complaint so as to show the amount of the medical expenses, when ascertained, or to prove the amount at the time of trial.

33. As a direct and legal result of the negligence and carelessness of the Defendants, Plaintiff Helen Tesfa was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupations. Plaintiff Helen Tesfa has therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff asks for leave of court either to amend this complaint to show the amount of lost earnings, when ascertained, or to prove the amount at the time of trial.

34. The negligence and carelessness of the Defendants was a substantial factor in causing the injuries and damages alleged above.

## SECOND CAUSE OF ACTION

**(Strict Products Liability- Design and Manufacturing Defect)**

35. Plaintiff hereby incorporates by reference each and every allegation articulated above as though fully set forth herein.

36. At the time that the Product left the control of the Defendants, the Product was dangerous and defective as a result of design, manufacture, alteration, or modification by the Defendants. The defects included, but are not limited to, materials that are unsafe for human skin contact, and/or materials not identified on the product itself.

37. At all times relevant, Defendants knew and intended that the Product would be purchased, used, and operated by members of the general public who would rely on Defendants to safely market and distribute the Product in a safe manner and to transmit any relevant warnings about the product.

38. At the time of the incident giving rise to this Complaint, the Product was being used in a manner and fashion that was foreseeable by the Defendants, in a manner in which the Product was intended to be used.

39. Defendants knew or should have known their manufacture or design of the Product was defective, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

40. In addition, the risks inherent in the design of the Product outweigh any benefits of that design.

41. As a legal result of the aforementioned dangerous and defective condition of the Product, Plaintiff Helen Tesfa was injured and suffered damages as alleged above.

## THIRD CAUSE OF ACTION

### (Strict Product Liability – Failure to Warn of Defective Condition)

42. Plaintiff incorporates each and every allegation above as though fully set forth herein.

43. The Product was in a dangerous and defective condition when introduced into the stream of commerce by the Defendants. The Product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the Product and others and could and would cause those serious injuries.

44. The Product had potential risks, including burning and permanently scarring skin, that were known or knowable by the use of scientific knowledge available at the time of the manufacture, distribution, and sale of the Product. Defendants knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the Product because defendant possessed special knowledge of the materials, design, character, and assemblage of the Product. Plaintiff and ordinary consumers would neither recognize, nor have knowledge that the Product was dangerous and defective.

45. Although possessed of special knowledge of the potential risks and substantial danger to users of the Product and others, Defendants failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Product.

46. Plaintiff was harmed and suffered the injuries and damages alleged above as a result of Defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiff's harms.

## DAMAGES

WHEREFORE, Plaintiff Helen Tesfa prays for judgment against the Defendants as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For loss of earnings, medical expenses, and all incidental expenses according to proof;
4. For interest from the date of accident to the time of judgment
5. For costs of suit incurred herein; and
6. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiffs hereby demand trial by jury in the above-captioned matter.

Dated: May 12, 2022            HAYES LAW, APC


                               By:  s/Jillian F. Hayes
                                    JILLIAN F. HAYES
                                    Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Helen Tesfa |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Amazon.com Inc |

TESFA VS AMAZON.COM INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00018349-CU-PL-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Gregory W Pollack                            Department: C-71

**COMPLAINT/PETITION FILED:** 05/13/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/14/2022 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2022-00018349-CU-PL-CTL       CASE TITLE: Tesfa vs Amazon.com Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |
| PLAINTIFF(S): Helen Tesfa | |
| DEFENDANT(S): Amazon.com Inc | |
| SHORT TITLE: TESFA VS AMAZON.COM INC [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2022-00018349-CU-PL-CTL |
|---|---|

Judge: Gregory W Pollack                                              Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                             Date: _____

_____                        _____
Name of Plaintiff                                 Name of Defendant

_____                        _____
Signature                                         Signature

_____                        _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                        _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/16/2022                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jillian F. Hayes, SBN 297535<br>Hayes Law, APC<br>4231 Balboa Ave. #1380, San Diego, CA 92117<br>TELEPHONE NO.: (858) 737-3311  FAX NO. (Optional): (858) 221-4064<br>ATTORNEY FOR (Name): Helen Tesfa | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/13/2022** at 10:29:10 AM<br>Clerk of the Superior Court<br>By Vanessa Sezenol, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Division

CASE NAME:
Helen Tesfa vs. Amazon.com, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00018349-CU-PL-CTL<br>JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [x] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 13, 2022

Jillian F. Hayes
(TYPE OR PRINT NAME)                                         ▶ *Jillian F. Hayes* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., A CORPORATION, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HELEN TESFA, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/12/2022** at 03:55:00 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California
County of San Diego, Central Division
330 West Broadway, San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso):*
37-2022-00018349-CU-PL-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jillian F. Hayes, 4231 Balboa Ave, #1380, San Diego, CA 92117; (858) 737-3311

DATE: 07/27/2022
*(Fecha)*

Clerk, by *T. Crandall*, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov